SHOOK, HARDY & BACON L.L.P.
Mark D. Campbell (SBN 180528)
mdcampbell@shb.com
Matt Light (SBN 294007)
mlight@shb.com
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Telephone:  424.285.8330
Facsimile:   424.204.9093

Attorneys for Plaintiffs
VOGUE RECOVERY CALIFORNIA LLC
VOGUE RECOVERY ARIZONA LLC
VOGUE RECOVERY CENTER LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOGUE RECOVERY CALIFORNIA LLC, a California limited liability company; VOGUE RECOVERY ARIZONA LLC, an Arizona limited liability company; and VOGUE RECOVERY CENTER LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CMJ RECOVERY CA LLC, a California limited liability company; CMJ RECOVERY AZ LLC, an Arizona limited liability company; CMJ RECOVERY NV LLC, a Nevada limited liability company; SHAUL KOPELOWITZ, an individual; MICHAEL MILCH, an individual; JOEL STRULOVICS, an individual; and YESROEL HERZKA, an individual,<br><br>Defendants. | Case No.  2:22-cv-06751<br><br>**COMPLAINT FOR:**<br><br>1. Breach of Contract;<br>2. Breach of Implied Covenant of Good Faith and Fair Dealing<br>3. Intentional Interference with Contract<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs VOGUE RECOVERY CALIFORNIA LLC, VOGUE RECOVERY ARIZONA LLC, and VOGUE RECOVERY CENTER LLC (collectively, "Plaintiffs") complain and allege as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because, as set forth below, this is a civil action between citizens of different states in which the amount in controversy exceeds seventy-five thousand dollars exclusive of costs and interest.

2. Plaintiff VOGUE RECOVERY CALIFORNIA LLC ("Vogue California") is, and was at all times relevant herein, a limited liability company organized under the laws of the state of California. George Boyadzhyan is Vogue California's sole member.

3. Plaintiff VOGUE RECOVERY ARIZONA LLC ("Vogue Arizona") is, and was at all times relevant herein, a limited liability company organized under the laws of the state of Arizona. George Boyadzhyan is Vogue Arizona's sole member.

4. Plaintiff VOGUE RECOVERY CENTER LLC ("Vogue Nevada") is, and was at all times relevant herein, a limited liability company organized under the laws of the state of Nevada. George Boyadzhyan is Vogue Nevada's sole member.

5. George Boyadzhyan, the sole member of each of Plaintiffs, is domiciled in, and a citizen of, California and Nevada. Accordingly, Plaintiffs each are citizens of California and Nevada for purposes of establishing this Court's diversity jurisdiction. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

6. On information and belief, defendant CMJ RECOVERY CA LLC ("CMJ CA") is, and was at all times relevant herein, a limited liability company organized under the laws of the state of California. On information and belief, including based

1  on Defendants' removal papers in a prior action between the parties (C.D. Cal. Case
2  No. 2:21-cv-06868), CMJ Healthcare Holdings LLC, a Delaware limited liability
3  company, is CMJ CA's sole member.

4      7. On information and belief, defendant CMJ RECOVERY AZ LLC ("CMJ
5  AZ") is, and was at all times relevant herein, a limited liability company organized
6  under the laws of the state of Arizona. On information and belief, including based on
7  Defendants' removal papers in the above prior action between the parties, CMJ
8  Healthcare Holdings LLC is CMJ AZ's sole member.

9      8. On information and belief, defendant CMJ RECOVERY NV LLC ("CMJ
10 NV," and collectively with CMJ CA and CMJ AZ, the "CMJ Defendants") is, and was
11 at all times relevant herein, a limited liability company organized under the laws of
12 the state of Nevada. On information and belief, including based on Defendants'
13 removal papers in the above prior action between the parties, CMJ Healthcare
14 Holdings LLC is CMJ NV's sole member.

15     9. On information and belief, including based on the CMJ Defendants'
16 removal papers in the above prior action between the parties, CMJ Healthcare
17 Holdings LLC, the sole member of each of the CMJ Defendants, is a citizen of New
18 York, New Jersey, and Pennsylvania. Thus, the CMJ Defendants are citizens of New
19 York, New Jersey, and Pennsylvania for purposes of establishing this Court's
20 diversity jurisdiction.

21     10. On information and belief, Defendant Shaul Kopelowitz ("Kopelowitz")
22 is an individual who is, and at all times relevant herein was, a citizen and resident of
23 the state of New York. On information and belief, Kopelowitz is the sole member of
24 an LLC holding a membership interest in CMJ Healthcare Holdings LLC.

25     11. On information and belief, Defendant Michael Milch ("Milch") is an
26 individual who is, and at times relevant herein was, a citizen and resident of the
27
28

Commonwealth of Pennsylvania. On information and belief, Milch is the sole member of an LLC holding a membership interest in CMJ Healthcare Holdings LLC.

12. On information and belief, Defendant Joel Strulovics ("Strulovics") is an individual who is, and at all times relevant herein was, a citizen and resident of the State of New Jersey. On information and belief, Strulovics is the sole member of an LLC holding a membership interest in CMJ Healthcare Holdings LLC.

13. On information and belief, Defendant Yesroel Herzka ("Herzka" and collectively with Kopelowitz, Milch and Strulovics, the "Individual Defendants") is an individual who is, and at all times relevant herein was, a citizen and resident of the State of New Jersey. On information and belief, Herzka is the sole member of an LLC holding a membership interest in CMJ Healthcare Holdings LLC.

14. Accordingly, there is complete diversity between Plaintiffs (all of whom are citizens of California and Nevada) and Defendants (none of whom are citizens of California or Nevada) within the meaning of 28 U.S.C. § 1332(a).

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Los Angeles County, as the business at issue operates in Los Angeles County. In addition, section 10.15 of the contract at issue (the APA, defined below) provides that an action to enforce any provision of the agreement may be brought in any court located in any county in which the business at issue operates, which includes Los Angeles County.

**FACTUAL ALLEGATIONS**

16. On or about April 24, 2020, Plaintiffs and the CMJ Defendants entered into an Asset Purchase Agreement ("APA"), as amended on July 2 and July 9, 2020, whereby Plaintiffs agreed to sell, and the CMJ Defendants agreed to purchase for eighteen million dollars ($18,000,000), certain assets and rights in connection with healthcare facilities located in California, Arizona, and Nevada (the "Facilities").

17. Section 1.2(c) of the APA provides: "If collected revenue for all Facilities exceeds Eighty Million Dollars ($80,000,000.00) for the two years following the Closing Date, or date [the CMJ Defendants] commence operating the Facilities, whichever is later, [the CMJ Defendants] shall pay [Plaintiffs], or their designee(s), an additional Ten Million Dollar ($10,000,000.00) one-time lump sum (the "Earn-Out") which shall be due and payable thirty (30) days following the second anniversary of the Closing Date, or date [the CMJ Defendants] have commenced operating the Facilities."

18. Section 10.7 of the APA states: "This Agreement and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the internal laws of the State of Arizona without giving effect to the conflict of law principles thereof."

19. On or about April 24, 2020, Plaintiffs and the CMJ Defendants also entered into Operations Transfer Agreements pursuant to which Plaintiffs agreed to transfer, and the CMJ Defendants agreed to assume, operation of the Facilities.

20. On or about July 10, 2020, the above transaction closed and on or about July 11, 2020, the CMJ Defendants commenced operating the Facilities.

21. On information and belief, subsequent to the closing, the CMJ Defendants, acting in concert with the Individual Defendants, engaged in certain conduct designed to frustrate Plaintiffs' rights under the APA, including their right to the Earn-Out. Plaintiffs are informed and believe that among other things:

    a. The Individual Defendants opened competing facilities and directed patients to those competing facilities, rather than the Facilities covered by the APA, to reduce collected revenue of the Facilities and thus avoid the CMJ Defendants' obligation to make the Earn-Out payment; and

   b. The CMJ Defendants changed billing practices to reduce and/or defer payments due during the Earn-Out period to avoid their obligation to make the Earn-Out payment.

22. In or around late 2020, Plaintiffs requested revenue information for the Facilities from the CMJ Defendants.

23. In or around early 2021, the CMJ Defendants provided Plaintiffs with information showing over five million dollars ($5,000,000) in revenue for the Facilities as of that date.

24. On information and belief, including based on pre-sale revenues of the Facilities while Plaintiffs operated them, the accounts receivable at the time of sale, and the revenue information provided by the CMJ Defendants in or around early 2021, total revenues collected for the Facilities during the relevant period exceeded the amount necessary to trigger the CMJ Defendants' obligation to pay the Earn-Out under section 1.2(c) of the APA.

25. In or about July 2022, Plaintiffs contacted the CMJ Defendants and requested reports verifying the revenues generated by the Facilities for the applicable two-year period following the closing of the above transaction. Plaintiffs, however, failed and refused to produce such revenue information absent unreasonable restrictions.

26. On information and belief, the Earn-Out was due and owing to Plaintiffs or their designee(s) on or about August 10, 2022.

27. The CMJ Defendants, however, have failed and refused to pay to Plaintiffs or their designee(s) the Earn Out, and are therefore in breach of the APA.

28. In so doing, the CMJ Defendants are wrongly retaining a considerable windfall at Plaintiffs' expense, and failing to compensate Plaintiffs for revenues the parties recognized would be generated by leveraging the success of Plaintiffs' prior

operation of the Facilities and the reputation and goodwill of the business established by Plaintiffs.

29. Additionally, the CMJ Defendants have continued to refuse to give Plaintiffs access to certain books and records, which Plaintiffs are entitled to have access to in order to confirm the CMJ Defendants' obligation to pay the Earn-Out.

30. Due to the CMJ Defendants' breaches, and their refusal to provide Plaintiffs with the information necessary to conduct an independent review of the CMJ Defendants' obligation to pay the Earn-Out, the CMJ Defendants have wrongfully retained ten million dollars ($10,000,000) to which Plaintiffs or their designee(s) are rightfully entitled.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(By all Plaintiffs against the CMJ Defendants)**

31. Plaintiffs incorporate the allegations in paragraphs 1-30 above as though fully set forth herein.

32. Plaintiffs and Defendants entered into the APA, in which the CMJ Defendants agreed in section 1.2(c) to pay Plaintiffs or Plaintiffs' designee(s) the Earn-Out if collected revenues for the Facilities exceeded eighty million dollars ($80,000,000) for the two years following the later of the closing date or the date that the CMJ Defendants commenced operating the facilities.

33. On information and belief, collected revenues for the Facilities exceeded eighty million dollars for the two years following the later of the closing date or the date the CMJ Defendants commenced operating the facilities, and the CMJ Defendants' payment obligation of the Earn-Out came due on or about August 10, 2022.

34. The CMJ Defendants have breached, and continue to breach, the APA by failing and refusing to pay Plaintiffs or their designee(s) the Earn-Out pursuant to section 1.2(c) of the APA.

35. As a direct and proximate result of the CMJ Defendants' breach of the APA, Plaintiffs have been harmed in an amount to be proven at trial, but no not less than ten million dollars ($10,000,000), plus interest.

36. As a result of the CMJ Defendants' conduct, Plaintiffs are entitled to recover their costs and reasonable attorneys' fees, including pursuant to Arizona Revised Statutes (A.R.S) §§ 12-341 and 12-341.01.

37. As a result of the CMJ Defendants' conduct, Plaintiffs are also entitled to pre- and post-judgment interest, including pursuant to A.R.S. § 44-1201.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(By all Plaintiffs against the CMJ Defendants)**

38. Plaintiffs incorporate the allegations in paragraphs 1-37 above as though set forth herein.

39. Implied in every contract is a covenant of good faith and fair dealing which prohibits a party to a contract from depriving another party to the contract of the benefits of its bargain.

40. The CMJ Defendants have taken certain actions and failed to take other actions, which have deprived Plaintiffs of the bargain set forth in the APA, including by acting in concert with the Individual Defendants to funnel patients away from the Facilities to other facilities not covered by the APA, by failing to use commercially reasonable efforts to collect revenues during the Earn-Out period, and by refusing to give Plaintiffs access to books and records which Plaintiffs are entitled to have access

to in order to confirm the CMJ Defendants' obligation to pay Plaintiffs or their designee(s) the Earn-Out.

41. As a direct and proximate result of the CMJ Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have been damaged in an amount to be proven at trial.

42. As a result of the CMJ Defendants' conduct, Plaintiffs are entitled to recover their costs and reasonable attorneys' fees, including pursuant to Arizona Revised Statutes (A.R.S) §§ 12-341 and 12-341.01.

43. As a result of the CMJ Defendants' conduct, Plaintiffs are also entitled to pre- and post-judgment interest, including pursuant to A.R.S. § 44-1201.

## THIRD CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH CONTRACT
### (By all Plaintiffs against the Individual Defendants)

44. Plaintiffs incorporate the allegations in paragraphs 1-43 above as though set forth herein.

45. Beginning on or about April 24, 2020, there was an existing contractual relationship between Plaintiffs and the CMJ Defendants. Pursuant to the APA, the CMJ Defendants agreed in section 1.2(c) to pay Plaintiffs or Plaintiffs' designee(s) the Earn-Out if collected revenues for the Facilities exceeded eighty million dollars ($80,000,000) for the two years following the later of the closing date or the date that the CMJ Defendants commenced operating the facilities. Plaintiffs are informed and believe and thereon allege that the Individual Defendants, by virtue of their ownership interest in the CMJ Defendants, knew of this contract.

46. Plaintiffs are informed and believe, and on that basis allege, that on or about March 17, 2021, the Individual Defendants acquired South Coast Behavioral Health ("SCBH") in Orange, California. Plaintiffs are further informed and believe that the Individual Defendants acquired SCBH to, *inter alia*, funnel patients from

CMJ CA's Facilities subject to the APA to SCBH in an effort to interfere with Plaintiffs' right to receive the Earn-Out.

47. Plaintiffs are further informed and believe, and on that basis allege, that on or about January 2, 2022, the Individual Defendants acquired the Royal Life Centers ("RLC"), a treatment center with multiple locations, including Scottsdale, Arizona. Plaintiffs are further informed and believe that the Individual Defendants acquired RLC to, *inter alia*, funnel patients from CMJ AZ's Facilities subject to the APA to RLC in an effort to interfere with Plaintiffs' right to receive the Earn-Out.

48. As a result of the conduct alleged herein, the Individual Defendants knowingly interfered with Plaintiffs' existing contractual right to the Earn-Out, or knew that their conduct was certain or substantially certain to result in such interference.

49. Plaintiffs have suffered damages as a result of the wrongful conduct and interference by the Individual Defendants in an amount to be proven at trial, but not less than $10,000,000, plus interest.

50. The actions of the Individual Defendants were done with malice, oppression and/or fraud in that they were intended to cause injury to Plaintiffs or were despicable conduct which was carried on with a willful and conscious disregard of Plaintiffs' rights. As a result, Plaintiffs are entitled to punitive or exemplary damages as against the Individual Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against each of the Defendants on all causes of action, and for relief as follows:

1. For a declaration that Plaintiffs or their designee(s) are entitled to payment by the CMJ Defendants of the Earn-Out in section 1.2(c) of the APA;
2. For damages, including punitive damages, to be proven at trial;

3. For pre-judgment and post-judgment interest;

4. For reasonable attorneys' fees and costs of suit, including pursuant to §§ 12-341 and 12-341.01; and

5. For such other relief as the Court deems proper.

Dated: September 20, 2022          SHOOK, HARDY & BACON L.L.P.

By: */s/ Mark D. Campbell*
Mark D. Campbell
Attorneys for Plaintiffs
VOGUE RECOVERY CALIFORNIA LLC
VOGUE RECOVERY ARIZONA LLC
VOGUE RECOVERY CENTER LLC

## **DEMAND FOR JURY TRIAL**

Plaintiffs VOGUE RECOVERY CALIFORNIA LLC, VOGUE RECOVERY ARIZONA LLC, AND VOGUE RECOVERY CENTER LLC demand a trial by jury on all causes of action so triable.

Dated: September 20, 2022          SHOOK, HARDY & BACON L.L.P.

By: */s/ Mark D. Campbell*
Mark D. Campbell
Attorneys for Plaintiffs
VOGUE RECOVERY CALIFORNIA LLC
VOGUE RECOVERY ARIZONA LLC
VOGUE RECOVERY CENTER LLC