DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
KATHERINE L. HANDY, CASB No. 311745
kate.handy@kyl.com
LUCAS GARCIA, CASB No. 341529
lucas.garcia@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, Suite 1400
Long Beach, California  90802
Telephone:     (562) 436-2000
Facsimile:     (562) 436-7416

Attorneys for Defendants
CMJ RECOVERY CA LLC, CMJ RECOVERY
AZ LLC, CMJ RECOVERY NV LLC,
MICHAEL MILCH, JOEL STRULOVICS, and
YISROEL HERZKA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOGUE RECOVERY CALIFORNIA LLC, a California limited liability company; VOGUE RECOVERY ARIZONA LLC, an Arizona limited liability company; and VOGUE RECOVERY CENTER LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CMJ RECOVERY CA LLC, a California limited liability company; CMJ RECOVERY AZ LLC, an Arizona limited liability company; CMJ RECOVERY NV LLC, a Nevada limited liability company; SHAUL KOPELOWITZ, an individual; MICHAEL MILCH, an individual; JOEL STRULOVICS, an individual; and YISROEL HERZKA, an individual,<br><br>Defendants. | Case No. 2:22-cv-06751-KK-AFM<br><br>**DEFENDANTS' REQUEST TO AUTHORIZE REMOTE TESTIMONY OF THIRD-PARTY SAM THOMPSON**<br><br>**[Concurrently filed with Declaration of Sam Thompson; Declaration of David Piper]**<br><br>Trial Date:  April 2, 2024<br>Time:  8:30am<br>Place:  George E. Brown, Jr.<br>United States Courthouse<br>Courtroom 3<br>3470 12th Street, 3rd Floor<br>Riverside, California  92501 |

- 1 -

# I.

## INTRODUCTION AND RELEVANT FACTS

Pursuant to Federal Rule of Civil Procedure 43(a), Defendants CMJ Recovery CA LLC, CMJ Recovery NV LLC, and CMJ Recovery AZ LLC, Michael Milch, Joel Strulovics, and Yesroel Herzka (collectively "Defendants") request this Court permit third-party witness Sam Thompson ("Thompson") to testify remotely via videoconference due to his medical condition preventing him from traveling from Florida to California for trial in this matter.

Federal Rule of Civil Procedure 43(a) states that a court may permit testimony "by contemporaneous transmission from a different location" for "good cause." Good cause exists here because Mr. Thompson is a third-party, out-of-state witness who has been diagnosed with cataracts in both eyes. (Declaration of Samuel Thompson ("Thompson Decl."), ¶¶ 2-3.) His lack of vision affects his balance, poses challenges to walking and hinders his ability to orient himself to his surroundings, causing him anxiety. (*Id.*, ¶ 4.) His impaired eyesight, lack of balance and anxiety make it incredibly challenging if not impossible to safely navigate his way through and airport and fly from Coral Springs Florida to California. (*Id.*, ¶ 5.) In light of his worsening condition, Mr. Thompson is unavailable for trial.

Mr. Thompson resides in Coral Springs, Florida.[1] (Thompson Decl., ¶ 5.) Plaintiffs noticed Mr. Thompson's deposition for November 6, 2023 and proceeded to take his deposition on that date via videoconference. (Declaration of David Piper ("Piper Decl."), ¶ 2.) At his deposition, Mr. Thompson testified that he was "just recently diagnosed with cataracts." (*Id.*, ¶ 3.)

---

[1] Mr. Thompson is beyond the subpoena power of this Court because his residence is greater than 100 miles from this Court. *See* Fed. R. Civ. Proc. 45; *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1019 (9th Cir. 2004) (recognizing that a witness who lived more than 100 miles from the court was "outside of the court's subpoena power" and therefore "unavailable" under Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804).

KYL4855-0437-5979.2

Mr. Thompson is a key witness in this matter. He was employed by United Analysis Billing, a billing company retained by Defendants that assisted Defendants with collections, and, in early 2021 became deeply involved in the collection efforts during the relevant Earn-Out period. (*Id.*, ¶ 4.) His testimony is critical to Defendants' defense and cannot simply be disregarded. (*Id.*)

On February 8, 2024 counsel for Defendants learned that Mr. Thompson does not travel on airplanes and upon further discussions with him learned that he has a fear of flying that is exacerbated by his progressively deteriorating eyesight and related mobility, orientation and balance issues that preclude him from travelling through airports safely. (*Id.*, ¶ 5.) On or around February 8, 2024, Defendants' counsel informed Plaintiffs' counsel of Mr. Thompson's challenges flying and requested the parties re-open Mr. Thompson's deposition for the purposes of conducting his trial testimony in lieu of live in-person testimony. (*Id.*) Plaintiffs' counsel declined this request. (*Id.*)

In light of his worsening condition and need for surgery, Mr. Thompson's medical provider—Dr. Fernando Jimenez—wrote a physician's note for Mr. Thompson stating that "Mr. Thompson has been advised not to fly before his cataract surgery in early April." (Thompson Decl., Exh. A.)

## II.
## MR. THOMPSON'S TESTIMONY VIA VIDEOCONFERENCE SHOULD BE PERMITTED

The Federal Rules of Civil Procedure provide that, "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. Proc. 43. The Advisory Committee Notes to Rule 43 state that "[t]he most persuasive showings of good cause and

compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place," rather than "merely by showing that it is inconvenient for the witness." *Id*.

In the instant case, although Mr. Thompson is unavailable to testify in person, there is good cause to allow him to testify via videoconference. Mr. Thompson's medical condition creates more than a mere "inconvenience" because it raises critical safety concerns and defies his physician's advice. Defendants also intend to implement appropriate safeguards further warranting granting this Request.

### A.   GOOD CAUSE EXISTS TO PERMIT REMOTE TESTIMONY

Courts have found "good cause" under various "compelling circumstances," including when there are health and safety concerns, witness unavailability and medical conditions preventing travel. *See, e.g., Crowell v. Alford*, 2023 U.S. Dist. LEXIS 223256, *3-4 (D. Colo. 2023) (granting Rule 43(a) Request as to two out-of-state "unavailable" expert witnesses and a third witness who could not travel from Pennsylvania to Denver due to a knee injury and upcoming knee replacement surgery); *Radosti v. Hudson's Bay Co*., 2022 U.S. Dist. LEXIS 81031, *4 (S.D.N.Y. 2022) (*quoting Sawant v. Ramsey*, 2012 U.S. Dist. LEXIS 64384, at *3 (D. Conn. May 8, 2012) ("Serious health conditions inhibiting a witness's ability to travel constitute good cause and compelling circumstance to permit live testimony in open court via video conference."); *Dongyuan Li v. City of Santa Ana,* 2021 U.S. Dist. LEXIS 245396, *4 (C.D. Cal. 2021) (finding "good cause in compelling circumstances" to testify remotely due to "safety concerns related to the ongoing pandemic"); *Sherrod v. VNA*, 2022 U.S. Dist. LEXIS 59316, *11 (E.D. Mich. 2022) ("Several courts have found that the risks posed by COVID-19 can constitute 'compelling circumstances' sufficient to permit remote testimony").

Here, there is good cause for two reasons. *First*, Mr. Thompson's worsening medical condition is unexpected and prevents him from travelling to

California for trial, however, he has agreed to make himself available for live testimony via videoconference.  Although the parties became aware of Mr. Thompson's cataracts and poor eyesight when he stated as such and had trouble seeing exhibits during his remote deposition in November 2023, the parties did not know the pace at which his eyesight would deteriorate, rendering him unable to travel to California.

*Second*, Mr. Thompson is unavailable for trial however, he is a key witness for Defendants and it would be extremely prejudicial to use his deposition testimony at trial rather than live, remote testimony. Defendants acknowledge the importance of live testimony as recognized by Rule 43 and that, "[o]rdinarily[,] depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena" (Fed. R. Civ. Proc. 43 (Advisory Committee Notes)); however, it is undisputed that Mr. Thompson is outside of this Court's subpoena range (Fed. R. Civ. P. 45) and Plaintiffs refused to re-open Mr. Thompson's deposition upon notice of his medical condition. Thus, the choice is not between in-person and remote testimony, but between remote testimony via videoconference and reading deposition testimony primarily consisting of Mr. Thompson's cross examination by Plaintiffs. (Piper Decl., ¶ 2.) The latter is inherently prejudicial because Defendants have not had an opportunity to directly examine this key witness. Testimony via videoconference should be permitted.

**B.     DEFENDANTS WILL EMPLOY APPROPRIATE SAFEGUARDS**

The Advisory Committee Notes to Rule 43 provide that "[s]afeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured." Fed. R. Civ. Proc. 43. The Ninth Circuit recognizes that "[t]he primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992); *see also Liu v. State Farm Mut. Auto. Ins. Co.*, 507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020)

KYL4855-0437-5979.2

("Both purposes are satisfied with contemporaneous videoconferencing technology. First, there is no question that the parties in this case will be allowed to cross-examine the witnesses. And second, modern videoconferencing technology allows for near instantaneous transmission of testimony with no discernable difference between it and 'live' testimony, thereby allowing a juror to judge credibility unimpeded."); *Gonzalez v. U.S. Human Rights Network*, 2023 U.S. Dist. LEXIS 145675, *7-8 (D. Ariz. 2023) (quoting 1 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 43, at 1250-51 (2020) ("[A]lthough [t]he case law defining what constitutes appropriate safeguards is sparse[,] . . . [t]he few cases that do address the issue appear to focus on ensuring that the purposes of Rule 43(a) are met—that the witness is giving live testimony, under oath, which is received in open court when the witness is subject to cross examination. Other important safeguards include taking steps to establish a reliable means of transmission and figuring out a fair and workable process for handling documents or other trial exhibits.").

Such safeguards will be in place here. Defendants intend to present Mr. Thompson's remote testimony to the jury live during trial, he will be under oath, he will be subject to direct and cross examination, and he will be setup for testimony in private business offices with capable technology to seamlessly display video, audio and exhibits. (Piper Decl., ¶ 6.) Although the exact space has not been procured, Defendants will be certain to have the location and services reserved well in advance of trial. (*Id.*)

To the extent Plaintiffs claim they will be prejudiced by this remote testimony, any prejudice would be minimal to none because they have already had an opportunity to cross-examine Mr. Thompson. Further, "[b]ecause a witness testifying by video is observed directly with little, if any delay in transmission . . . courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings." *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS, 2015 U.S. Dist. LEXIS 102043, at *1 (E.D. Cal. Aug. 4, 2015); *see also Aoki v. Gilbert*, No. 2:11-cv-02797, 2019 U.S. Dist. LEXIS

44155, at *1 (E.D. Cal. 2019) (finding that appropriate safeguards existed to allow witnesses to appear by videoconference because the witnesses "will testify under oath, and will be subject to cross-examination"); *Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, 470 F. Supp. 3d 735, 739 (E.D. Mich. 2020) ("[M]any recent cases acknowledge that the near-instantaneous transmission of video testimony through current technology permits the jury to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration."). In light of the technological advances and representations by Defendants' counsel regarding these safeguards, there is no prejudice to Plaintiffs.

## III.
## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Request.

Respectfully submitted.

DATED: March 8, 2024

/s/David D. Piper
DAVID D. PIPER
KATHERINE L. HANDY
LUCAS GARCIA
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
CMJ RECOVERY CA LLC, CMJ RECOVERY AZ LLC, CMJ RECOVERY NV LLC, MICHAEL MILCH, JOEL STRULOVICS, and YISROEL HERZKA

KYL4855-0437-5979.2